979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WINSTAR CORPORATION, United Federal Savings Bank, Statesman
Savings Holding Corp., the Statesman Group, Inc. and
American Life and Casualty Insurance Company, and Glendale
Federal Bank, FSB, et al., Plaintiffs-Respondents,
v.
UNITED STATES, Defendant-Petitioner.
 Misc. No. 349.
 United States Court of Appeals, Federal Circuit.
 Aug. 25, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States petitions for permission to appeal the orders of the United States Claims Court certified for immediate appeal pursuant to 28 U.S.C. § 1292(d)(2) on July 24, 1992. Winstar Corporation, Statesman Savings Holding Corp., and Glendale Federal Bank, FSB, et al. do not oppose. Glendale Federal Bank, FSB moves for expedited briefing. The motion is unopposed.
 
 
 2
 Presently, there are eighteen cases in the Claims Court concerning savings and loan institutions and the effect of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) on the treatment of "goodwill" as capital. The liability portions of the three cases here, Winstar, Statesman, and Glendale, have been completed. The Claims Court consolidated the three cases for purposes of interlocutory appeal.
 
 
 3
 The questions raised for interlocutory appeal, generally, are whether the savings and loans institutions had binding contracts with the United States guaranteeing a specific form of regulatory treatment notwithstanding the later passage of FIRREA and whether FIRREA implicates the sovereign act doctrine. Recently, in Transohio Savings Bank v. Director, OTS, --- F.2d ----, No. 91-5246 (D.C.Cir. June 12, 1992), the United States Court of Appeals for the District of Columbia Circuit considered virtually identical issues. The Claims Court disagreed with the D.C. Circuit opinion and decided its cases opposite thereto.
 
 
 4
 Pursuant to 28 U.S.C. § 1292(d)(2), an order is appropriate for interlocutory review (1) if it involves a controlling question of law, (2) for which there is substantial ground for difference of opinion, and (3) an immediate appeal may advance the ultimate termination of the litigation. The Claims Court and the parties state that the criteria are met and these cases are appropriate for interlocutory review. We agree.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The United States' petition for permission to appeal is granted.
 
 
 7
 (2) The briefing schedule is expedited as follows:
 
 
 8
 (a) United States' brief is due within 30 days of docketing;
 
 
 9
 (b) Winstar, Statesman, and Glendale's briefs are due 30 days thereafter;
 
 
 10
 (c) The United States' reply brief is due 14 days thereafter;
 
 
 11
 (d) Oral argument will be scheduled as soon thereafter as feasible.